IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

KINGS WHARF OPPORTUNITIES FUND, LP
The Vallis Building, 4th Floor
58 Par-la-Ville Road
Hamilton HM 11, Bermuda

Case No.: 22-1975

    Plaintiff

        v.

AFFLUENCE CORP.
1200 Harger Road, Suite 500
Oak Brook, IL 60523

Serve on Registered Agent:

REGISTERED AGENTS, INC.
1942 Broadway Street, Suite 314C
Boulder, CO 80302

    Defendant

---

COMPLAINT

Plaintiff, KINGS WHARF OPPORTUNITIES FUND, LP, ("KINGS WHARF"), by and though its undersigned counsel files this Complaint against AFFLUENCE CORP. ("AFFU"), and alleges:

1.    This action is instituted pursuant to 15 U.S.C § 77c(a)10 (Section 3(a)(10) of the Securities Act of 1933, hereinafter "Section 3(a)(10)") for the issuance of common stock in exchange for other debt, claims or securities of the same public company owned by the Plaintiff.

1

2. This Court has jurisdiction over the parties hereto based on the Federal Statute.

3. Venue is proper in the Northern District.

4. Plaintiff is a limited partnership domiciled in Bermuda, which, as its business, invests in the debt and equity securities of microcap publicly traded companies located both in Maryland and throughout the United States.

5. Defendant is a publicly traded corporation, domiciled in Colorado, and with its principal executive offices located in Illinois, which is a telecom technology and smart cities company focused on 4G and 5G technology. The Company provides engineering and design services for telecom construction projects as well as smart cities applications throughout the United States, including Maryland, and trades under the ticker symbol AFFU, and which has the ability to issue securities under Section 3(a)(10).

6. On or about August 5, 2010, the Defendant entered into a Note Purchase Agreement and Promissory Note (the "Note") with William Woodall ("Woodall") under which the Defendant promised to pay Woodall the principal sum of $225,000. The Note Purchase Agreement and Note are attached hereto and incorporated herein as Exhibit A.

7. The Note is referenced in Defendant's public securities filings, including in Item 3(b) of the Defendant's Quarterly Report for the period ending March 31, 2022, which was filed on May 3, 2022 (the "Quarterly Report"). The Quarterly Report is attached hereto and incorporated herein as Exhibit B.

8. Defendant defaulted on the Note, and Woodall filed suit against the Defendant in the Circuit Court of the Eighteenth Judicial Circuit of the State of Illinois ("State Court") in Case No. 16L984. On October 23, 2018, the State Court issued a

judgment against the Defendant, in favor of Woodall, in the principal amount of $225,000. The Judgment is attached hereto and incorporated herein as Exhibit C.

9. On or about July 18, 2022, Plaintiff entered into an Assignment Agreement (the "Assignment") with the Defendant and Woodall, under which Woodall assigned, sold and transferred to KINGS WHARF all of Woodall's rights, title and interests in, to and under the Judgment against Defendant for $225,000. A copy of the Assignment and the payment from KINGS WHARF to Woodall are attached hereto and incorporated herein as Exhibit D.

10. The Quarterly Report, which is AFFU's latest public filing, shows on the Balance Sheet, cash on hand of only $7,914, and a net loss for the period ending March 31, 2022, which confirms that AFFU is unable to repay KINGS WHARF in cash, so KINGS WHARF seeks a Court Order under Section 3(a)(10) of the Securities Act of 1933 allowing AFFU to issue shares of its publicly traded common stock to settle KINGS WHARF's Claim under Section 3(a)(10).

11. On July 27, 2022, Plaintiff and Defendant entered into a Stipulation and Settlement Agreement (the "Settlement Agreement"), under which the Defendant agreed to issue Plaintiff 20,000,000 shares of Defendant's common stock (the "Common Stock") in exchange for the release of the Claim. Kings is willing to accept the shares of Common Stock in accordance with the terms of the Settlement Agreement, provided that the proposed exchange (including the issuance of the Common Stock pursuant to the Settlement Agreement) is exempt from the registration requirements pursuant to Section 3(a)(10). The Settlement Agreement is governed by the laws of the State of Maryland, and per its terms, shall be litigated solely and exclusively in the state or federal courts located

in Maryland. A copy of the Settlement Agreement is attached hereto and incorporated herein as Exhibit E.

12. KINGS WHARF cannot recoup these losses without relief under Section 3(a)(10).

13. Section 3(a)(10) requires that a hearing be conducted as to the fairness of the terms and conditions of the exchange of debt for securities.

14. The total outstanding balance represented by the above Claim is owed by Defendant to the Plaintiff and remains unpaid.

15. Based upon the foregoing Exhibits, the Defendant is responsible and liable to the Plaintiff for repayment thereof.

16. Defendant has defaulted on its obligations to pay the Plaintiff pursuant to the Exhibits attached hereto.

17. Both Woodall and Plaintiff have made demands to Defendant for payment of the Claim, but Defendant has failed to pay.

18. As a direct and proximate result of the failure of Defendant to pay the Claim, which is the subject of this Complaint, Plaintiff has been damaged.

WHEREFORE, Plaintiff requests this Honorable Court schedule a hearing to determine the fairness of the proposed settlement and for such other and further relief as is deemed appropriate.

Respectfully submitted,

*/s/ Matheau J. W. Stout*

August 9, 2022

Matheau J. W. Stout
*Attorney for Plaintiff*